FILED
CLERK
4/30/2021 5:16 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    **ORDER**
                                                    07-CR-751 (JS)

        v.

KARON DEOPERSAUD,

               Defendant.
----------------------------------------------------------------X
SEYBERT, District Judge:

        Currently before the Court is Defendant Karon Deopersaud's ("Defendant") petition to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See* Motion to Vacate, [1] ECF No. [143] (the "Petition"). For the reasons set forth below, the Petition is GRANTED.

**I. DISCUSSION**[2]

        Defendant entered into a plea agreement in which he agreed to plead guilty to two counts of a second superseding indictment: one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a) (Count Four), and one count of use a firearm during a crime of violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(ii) ("Section 924(c)") (Count Five). On April 5, 2011, he was sentenced on Count Four to thirty-three (33) months, and on Count Five to eighty-four (84) months, to be served consecutively with the term imposed in Count Four. Minute Entry, ECF No. [108]. He was further sentenced to supervised release for three (3) years on Count Four

---

[1] Defendant had filed an earlier Section 2255 motion that was denied. *See Deopersaud v. United States,* Nos. 12-CV-3623, 14-CV-2939, 2015 WL 5561293 (E.D.N.Y. Sept. 21, 2015). He was given permission by the Second Circuit to file a successive Section 2255 petition on October 10, 2019. *See* Mandate, 12-cv-3623, ECF No. [15].

[2] Only background facts relevant to determination of the pending Petition are set forth herein.

1

and five (5) years on Count Five to be served concurrently with the term of supervised release on Count Four. *Id.*

On June 15, 2016, the Federal Defenders of New York filed a "placeholder" motion on Defendant's behalf, under Administrative Order 2016-01 of the Eastern District of New York, seeking vacatur of Defendant's conviction, *see* Letter, ECF No. [143], contending that the conviction under Section 924(c) must be vacated in light of the Supreme Court's ruling in *Johnson v. United States,* 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Defendant subsequently filed a supplemental memorandum of law, arguing, *inter alia,* that the Section 924 (c) conviction (Count Five) must be vacated because the Hobbs Act robbery conspiracy count may not be used as a predicate for the Section 924 (c) conviction. Supplemental Memorandum, at 1, ECF No. [151], (citing *United States v. Davis,* -- U.S.--, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019)). The Government, despite being ordered to respond to the Petition, *see* Elec. Order of 7/10/20, has not filed any response.

In light of *Davis,* and noting the Government's lack of opposition to the Petition, the Court finds that vacatur of the Section 924(c) conviction (Count Five) is warranted. *See also United States v. Barrett,* 937 F.3d 126 (2d Cir. 2019) (finding that a Hobbs Act conspiracy count is not a crime of violence that may serve as a predicate for a Section 924 (c) conviction). Accordingly, Defendant's Petition is GRANTED and the Section 924(c) conviction and sentence on (Count Five) are VACATED.

Where a court finds that a sentence was not authorized by law, it shall "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Having already served

his term of imprisonment,[3] Defendant seeks resentencing to time served, and a single, 3-year term of supervised relief.  In this circumstance, conducting a resentencing is not warranted-- Defendant has already completed the maximum period of supervised release available pursuant to Count Four, *see* 18 U.S.C. §3583 (b)(2), and is currently under supervised release pursuant to Count Five.  As the conviction and sentence under Count Five are vacated by this Order, Defendant's supervised release is terminated.

## II.  CONCLUSION

IT IS HEREBY ORDERED that Defendant's Petition, ECF No. [143], is GRANTED, and the conviction and sentence on Count Five are VACATED.  In all other respects, the Judgment dated April 29, 2011, ECF No. [109], remains unchanged.

IT IS FURTHER ORDERED that Defendant's supervised release be terminated in accordance with this Order.

The Clerk of the Court is respectfully directed to close the corresponding civil case, 14-cv-2939.

**SO ORDERED**.

    /s/ Joanna Seybert
JOANNA SEYBERT
United States District Judge

Dated: Central Islip, New York
      April 30, 2021

---

[3]The Petition is not mooted by Defendant's release from prison.  "Physical confinement is not necessary to satisfy the 'in custody' requirement; a petitioner who is on parole or serving a term of supervised release is 'in custody' for the purposes of the federal habeas corpus statute." *Abimbola v. United States,* No. 04-cv-1518, 2005 WL 5067864, at 2 (E.D.N.Y. Apr. 15, 2005) (citing *Scanio v. United States,* 37 F.3d 858, 860 (2d Cir. 1994)).